**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

JOHN K. BOROWSKI JR.,
Plaintiff,

v.

SANDY A. WILLIAMS
In her official capacity,
Defendant.

Case No.: 26-C 1984

**COMPLAINT FOR DECLARATORY AND PROSPECTIVE RELIEF UNDER 42 U.S.C. § 1983**

Plaintiff, John K. Borowski Jr. ("Mr. Borowski"), hereby moves the Court seeking declaratory and injunctive relief based upon the following:

## I. NATURE OF THE ACTION

1. Mr. Borowski brings this action pursuant to 42 U.S.C. § 1983 seeking relief from ongoing deprivations of his right to due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This action concerns objective circumstances that would cause any reasonable person, versed in the concept of due process, to call into question Defendant Sandy A. Williams ("Judge Williams") ability to preside impartially over any judicial proceedings involving Mr. Borowski.

3. "Impartiality (also called evenhandedness or fair-mindedness) is a principle of justice holding that decisions should be based on objective criteria, rather than on the basis

of bias, prejudice, or preferring the benefit to one person over another for improper reasons" See *Wikipedia*, Wikimedia Foundation, en.wikipedia.org/wiki/Impartiality.

## II. PARTIES

4. Mr. Borowski is an adult resident of the State Of Wisconsin who resided at 3740 County Road O, Saukville, WI 53080. Mr. Borowski's address was located in Ozaukee County. He has been forced to flee the county due to almost a decade long campaign of retaliatory harassment, habitual unlawful arrests, and vindictive prosecutions.

5. Judge Williams is an adult resident of the state of Wisconsin whose believed to reside in Ozaukee County. Judge Williams is the current Branch III Circuit Court Judge for Ozaukee County. Her official address is 1201 South Spring Street, Port Washington, WI 53074. Judge Williams waived personal service and designated The Director Of State Courts to accept service of this complaint on her behalf.

## III. JURISDICTION AND VENUE

6. This action arises under 42 U.S.C. § 1983 and regards deprivations of Mr. Borowski's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including his right to procedural due process. Accordingly, this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) because Judge Williams resides in, and performs her official duties within, Ozaukee County, Wisconsin. Venue is independently proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred, and continue to occur, in Ozaukee County, Wisconsin.

7. Fourteenth Amendment to the United States Constitution- All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law.

8. Supremacy Clause (Article VI, **Clause 2)**- The Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary.

9. 28 U.S.C. §1331- District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10. 28 U.S.C. § 2201- In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

11. 28 U.S.C. § 2202- Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

12. 28 U.S.C. § 1391(b)(1)- A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

13. 28 U.S.C. § 1391(b)(2)- A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

14. 42 U.S. Code § 1983- Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

## IV. FACTS

15. On or about October 17, 2017, a bail/no-contact order was entered in *State of Wisconsin v. John K. Borowski*, case number 2017CF000320, as reflected in *Exhibit A*.

16. The attached order includes a no-contact condition identifying all three Ozaukee County Circuit Court judges, listing Judge Williams among those judges.

17. The order arose in connection with a Facebook communication alleged to constitute a threat directed at three judges. Judge Williams was thereby identified as a possible intended victim/witness in the underlying threat allegations. Mr. Borowski's actual Facebook post was photoshopped, by one believed to be Mr. Borowski's ex-wife, as her once disbarred-felon-convicted Attorney David V. Jennings was responsible for passing the photoshopped version to the Ozaukee County District Attorney's Office via email.

18. The issue was not merely an unrelated judicial disagreement: it placed Judge Williams among the persons specifically identified in a court order arising from allegations of threatening communications attributed to Mr. Borowski. Although it was recognized early on that the post used to prosecute Mr. Borowski was fabricated far outside its actual content, the prosecution continued, mainly via a preliminary ruling by Judge Williams that ignored that irrefutable fact.

19. On December 12, 2017, Judge Williams presided over a preliminary hearing in the same case she was listed as a victim/witness in. (*See Exhibit B, attached hereto.)* At that time, Judge Williams was well aware that she had been identified as a possible intended victim in the no-contact order.

20. Judge Williams nevertheless acted as the judicial officer deciding matters affecting Mr. Borowski's criminal prosecution, including the conduct and disposition of the preliminary hearing. The preliminary hearing was a critical stage of the criminal process, at which Mr. Borowski was entitled to the protections of due process and the assistance of constitutionally adequate counsel.

21. Mr. Borowski had retained Attorney Tim Provis solely to represent him in appellate matters unrelated to the underlying criminal proceeding. Attorney Provis informed Judge Williams that he was not competent to represent Mr. Borowski at the preliminary hearing. *See Exhibit B, pgs. 5;7; 9.)* Notwithstanding Attorney Provis's stated complete lack of competence for that proceeding, Judge Williams required Mr. Borowski to accept Attorney Provis as counsel and to proceed with that representation at the preliminary hearing.

22. Attorney Provis advised Mr. Borowski that Judge Williams should recuse herself because her involvement created an apparent conflict of interest. Attorney Provis further advised that Mr. Borowski's family-law matters had already been assigned to judges outside Ozaukee County and that the criminal proceeding likewise should be heard by a different judicial officer. Attorney Provis also informed Mr. Borowski that a request for substitution had to be filed after the preliminary hearing. Mr. Borowski was aware that was incorrect, so he filed a substitution request himself on December 8, 2017. *(See Exhibit C, attached hereto.)*

23. Based on Attorney Provis's inaccurate advice, Mr. Borowski asked Attorney Provis to withdraw from the criminal proceeding so he could seek substitution pro se; Mr. Borowski did not terminate Attorney Provis's representation in the family-law appeal for which he had been retained. Mr. Borowski thereafter filed a written request to substitute Judge Williams approximately one day after the statutory deadline. Wisconsin Stat. § 971.20(3)(b) provides that a substitution request filed with the clerk ordinarily must be filed at least five days before the preliminary examination, but expressly permits the court to allow a later filing.

24. Attorney Provis attempted to explain that the request was untimely because he had failed to file it within the prescribed period. Judge Willimans cut off his ability to enter that in the record. *(See Exhibit B, pg. 7.)* Judge Williams nevertheless denied the request,

notwithstanding the obvious lack of impartiality and apparent conflict arising from her identification as a potential victim/witness in the same criminal matter.

25. Judge Willaims refusal to recuse herself from a criminal proceeding in which she had been identified as an alleged victim/witness; her refusal to permit Mr. Borowski to exercise his right of substitution where the request would have been timely but for counsel's admitted ineffective assistance; and her decision to require Mr. Borowski to proceed with a preliminary hearing represented by counsel who stated on the record that he was not competent to conduct that hearing, collectively constitute objective circumstances that reflect her lack of impartiality by itself.

26. The State did not oppose an adjournment under the circumstances. *(See Exhibit B, pg. 6.)* Judge Williams nevertheless refused to adjourn the preliminary hearing, despite Attorney Provis's express admission that he was not competent to conduct it and despite the pending request for substitution. Granting the required adjournment would have permitted the substitution request to be treated as timely, thereby divesting Judge Williams of authority to continue presiding and requiring reassignment to a different judicial officer. By denying the adjournment, Judge Williams preserved the very timeliness objection upon which she relied to deny her own substitution. Judge Williams thus decided a procedural issue that directly determined whether she would remain assigned to the case, and she resolved that issue in favor of retaining control of the proceeding. Under these circumstances, her refusal to adjourn cannot be separated from her personal institutional interest in avoiding substitution and constitutes compelling objective evidence of a lack of impartiality.

27. The State's sole witness admitted that Mr. Borowski made no specific threat. *(See Exhibit B, pg. 16.)* The witness further understood that the reported Facebook post had been materially altered and falsely portrayed as speech attributable to Mr. Borowski, which explains why the witness did not regard the communication as a true threat and did not arrest Mr. Borowski. When Mr. Borowski attempted to place this material and exculpatory information on the record, Judge Williams cut off the inquiry and prevented the evidence from being fully developed. *(See Id., pg. 17.)* Her decision to foreclose that record cannot be dismissed as a neutral evidentiary ruling; it shielded the prosecution's theory

from meaningful examination while preserving her own continued control over a proceeding from which she should have recused herself. This conduct constitutes further objective evidence that Judge Williams did not function as a neutral and impartial decision-maker.

28. In 2017, Mr. Borowski lacked the legal knowledge necessary to preserve these issues without competent counsel. Attorney Provis failed to make the required offer of proof establishing that Mr. Borowski did not author the altered Facebook post that precipitated his arrest and that the State's own witness did not regard Mr. Borowski's actual communication as a true threat. That failure was decisive because only a legally sufficient true threat falls outside constitutional protection and may support a criminal threat prosecution; speech that does not satisfy that standard cannot lawfully be transformed into a crime. By preventing the record from establishing both the absence of authorship and the absence of a true threat, the proceeding deprived Mr. Borowski of a fair opportunity to defeat a prosecution that lacked the constitutionally required predicate. Under a fair proceeding heard by an impartial official bindover would not have occurred.

29. Prior to seeking declaratory and injunctive relief here, Mr. Borowski provided Judge Williams full opportunity to recuse. A copy of that motion is attached hereto as *Exhibit D*. The motion further describes events predating the Facebook-related criminal case that, as stated therein, set forth additional and substantial concerns related to applying the objective test to Judge Williams's ability to remain impartial in any proceeding involving Mr. Borowski.

30. Since Mr. Borowski was charged in connection with the Facebook-related threat—and notwithstanding his subsequent acquittal—Mr. Borowski has endured repeated harassment and false arrests in Ozaukee County for a period that spans a few months shy of an entire decade.

31. Mr. Borowski is presently charged in Ozaukee County Circuit Court Case No. 2025CF000273 with intimidating a victim based on allegations that he attempted to induce his wife, Ms. Borowski, to dismiss a divorce action. The victim-intimidation statute does not apply to the asserted conduct. Equally important, Ms. Borowski subsequently appeared before Judge Williams on August 11, 2025, and stated on the record that Mr. Borowski had

not intimidated her. A copy of the relevant portions of that hearing transcript is attached hereto as *Exhibit E.*

32. The prosecution further advised the court that statements made by Ms. Borowski in open court rendered those present witnesses to the matter. Mr. Borowski therefore asserts that, under the prosecution's own position, Judge Williams became a potential witness concerning Ms. Borowski's statement that she had not been intimidated and concerning allegations that Ozaukee County Sheriff's Department personnel sought to pressure Ms. Borowski to state falsehoods.

33. Despite the numerous circumstances that fail the proverbial "smell test" when Judge Williams's impartiality is evaluated under an objective standard, Judge Williams has neither recused herself as due process requires nor issued an order explaining why that standard does not warrant recusal. The resulting delay further interferes with Mr. Borowski's asserted demand for a speedy trial.

34. Mr. Borowski recently filed a petition seeking to hold an Ozaukee County deputy sheriff accountable for making materially false sworn statements and committing perjury. The official who prosecuted Mr. Borowski in Case No. 2017CF000320 as the then district attorney, now serves as one of Judge Williams fellow Ozaukee County officials. Judge Williams fellow judge decided that the John Doe case (26-JD-01) should bypass Judge Williams and be heard out of county. The issues prompting Judge Williams fellow judge to determine that Case No. 26-JD-01 should be heard outside Ozaukee County mirror the allegations in the criminal complaint from which Judge Williams has declined to recuse. Accordingly, these circumstances, standing alone, warrant Judge Williams's recusal.

35. Despite Ms. Borowski's statement to Judge Williams that she had never been intimidated and that law-enforcement personnel were attempting to coerce her into stating otherwise, Judge Williams found probable cause. Judge Williams also imposed an extraordinarily high bail after ruling how she *"did not have that confidence"* that Mr. Borowski would appear. That conclusion lacked any objective factual basis. Mr. Borowski had appeared before Judge Williams in numerous prior proceedings, had never failed to appear for a scheduled court date that required his attendance, and had repeatedly demonstrated his compliance with the court's appearance requirements. Judge Williams

was personally familiar with that uninterrupted history because many of those appearances occurred before her. Her refusal to credit the undisputed record of attendance, while relying instead on an unsupported prediction of nonappearance to impose excessive bail, constitutes further objective evidence that her decisions concerning Mr. Borowski were not made from a neutral and impartial position.

36. Any reasonable, informed observer considering the circumstances set forth above would question how Judge Willimas could adequately protect Mr. Borowski's right to a neutral, detached, decision-maker.

37. The issue is not whether Judge Williams subjectively believes herself capable of impartiality. The constitutional issue is whether the circumstances establish an objectively intolerable risk of bias under the governing due process standard. Judge Williams has already failed to safeguard Mr. Borowski's due process several times, and in numerous ways, including refusing to provide him with proper due process with respect to all of his attempts to obtain relief even after he fully complied with her previous orders; including his attempts to cure the wrongful and unconstitutional deprivation of his three children. That relief only came available shortly after Judge Williams lost jurisdiction over them.

## V. CLAIM FOR RELIEF

### Count I — Fourteenth Amendment: Right to an Impartial Tribunal

**42 U.S.C. § 1983**

38. Mr. Borowski realleges paragraphs 1 through 37.

39. The Fourteenth Amendment prohibits a state from depriving a person of liberty without due process of law.

40. The right to due process includes the right to a neutral decision-maker. In extraordinary circumstances, due process requires judicial disqualification where the objective probability of bias is too high to be constitutionally tolerable.

41. In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the United States Supreme Court explained that the constitutional inquiry does not invariably require proof of

subjective or actual bias; the circumstances may themselves create a constitutionally unacceptable risk.

42. In *Williams v. Pennsylvania*, 579 U.S. 1 (2016), the Supreme Court again emphasized the constitutional importance of judicial impartiality and the requirement of recusal in circumstances presenting an impermissible risk of bias.

43. Judge Williams identification as a possible intended victim in the earlier threat allegations, followed by her participation as the judicial officer presiding over Mr. Borowski's preliminary hearing, created circumstances requiring careful, objective scrutiny under these precedents. Presently, Judge Williams was again made witness but refused to recuse herself again.

44. The Facebook arrest prompted all other pending cases, including those filed subsequent to October 17, 2017, to be transferred to out-of-county officials. The same objective bias that prompted those recusals should continue forward.

45. The circumstances involving counsel's stated lack of competence heightened the need for a fair and neutral proceeding, because Mr. Borowski's liberty interests were at stake at a critical stage of the prosecution. Forcing Mr. Borowski through the preliminary hearing under such appalling unconstitutional circumstances is all the objective evidence necessary to conclude that Judge Williams lost all ability to remain impartial long ago; her recent refusal to recuse reflects that the passing of time has not weathered that which is obviously set in stone.

## VI. REQUEST FOR RELIEF

WHEREFORE, Mr. Borowski respectfully requests that the Court:

A. Find that the Fourteenth Amendment requires a constitutionally impartial tribunal and prohibits judicial participation in circumstances creating an objectively intolerable risk of bias.

B. Find that the specific circumstances set forth in this Complaint establish such a constitutional risk with respect to Judge Williams participation in any proceedings involving Mr. Borowski, and that the objective test demands recusal of Judge Williams from Ozaukee County Case 25-CF-273 to safeguard Mr. Borowski's due process.

C. Grant narrowly tailored prospective relief preventing the recurrence of this established constitutional violation, limited to proceedings in which Mr. Borowski demonstrates a

concrete risk of the same constitutional deprivation; in sum, for an order that prohibits Judge Williams from being assigned to any future proceedings involving Mr. Borowski as the same underlying circumstances are eternal, and the concerns described above will surely reoccur.

D. Grant such other relief as is lawful and equitable.

Respectfully submitted October 26, 2026

Mr. John K. Borowski (Plaintiff-Pro